CSD 1160 [03/01/15]

Name, Address, Telephone No. & I.D. No.

Michael Wright
5190 Governor Drive, #207
San Diego, CA 92122
Tel. (858) 554-1830
State Bar ID No. 73236

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re Tierra del Rey LLC

Debtor.

BANKRUPTCY NO. 15-04253-LT11

AP Mortgage Company

Moving Party.

RS NO. MW-1

Tierra del Rey LLC (Debtor-in-Possession), U.S. Trustee,

Respondent(s)

## MOTION FOR RELIEF FROM AUTOMATIC STAY
☒ REAL PROPERTY   ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☐ 7  ☒ 11  ☐ 12  ☐ 13  was filed on June 29, 2015.

2. Procedural Status:
   a. ☐ Name of Trustee Appointed (if any): _____
   b. ☐ Name of Attorney of Record for Trustee (if any): _____
   c. ☐ (Optional) Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: _____.
      If applicable, the prior case was dismissed on: _____.
   d ☐ (If Chapter 13 case): Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____

Movant alleges the following in support of its Motion:

1. ☒ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:
      3675 King Street, La Mesa, CA 91941

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):
      apartment building

   c. Legal description of property is attached as Exhibit A.

CSD 1160

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $ 10,600,000

    f.    *Nature of Debtor's interest in the property:
Fee simple ownership

2.    ☐ The following personal property is the subject of this Motion *(describe property)*:

    a.    Fair market value of property as set forth in the Debtor's schedules: $ ____ .

    b.    Nature of Debtor's interest in the property:

3.    *Fair market value of property according to Movant: $ 7,700,000 .

4.    *Nature of Movant's interest in the property: secured lender (promissory note secured by 2nd priority deed of trust)

5.    *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:    $ 1,400,055.70
    b.    Amount of monthly payment:    $ 9,269.19
    c.    Date of last payment:    October 2014
    d.    If real property,
        i.    Date of default:    November 2014
        ii.    Notice of Default recorded on:    February 11, 2015
        iii.    Notice of Sale published on:    May 12, 2015
        iv.    Foreclosure sale currently scheduled for:    September 18, 2015
    e.    If personal property,
        i.    Pre-petition default: $ ____    No. of months: ____
        ii.    Post-petition default: $ ____    No. of months: ____

6.    *(If Chapter 13 Case, state the following:)*
    a.    Date of post-petition default: _____
    b.    Amount of post-petition default:    $ _____

7.    Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Fannie Mae | $5,008,711.64 | unknown | | unknown | |
| 2nd: AP Mortgage | $1,432,636.39 | included in prin. balance | | included in prin. balance | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 6,441,348.05 | $ | | $ | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

8.  Relief from the automatic stay should be granted because:
    a.  ☒ Movant's interest in the property described above is not adequately protected.
    b.  ☒ Debtor has no equity in the ☒ real property ☐ personal property described above and this property is not necessary to an effective reorganization.
    c.  ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and
        i.  the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and
        ii. the Debtor/Trustee has
            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or
            (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.
    d.  ☐ *Other cause exists as follows (specify): ☐ See attached page.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1.  ☒ Other relevant evidence:
    Declaration of Paul C. Taccone; Declaration of Jeffrey A. Stark; Declaration of Curtis Gabhart

2.  ☒ (Optional) Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☒ Relief as requested.

☒ Other:
   A. That the automatic stay be vacated so that Movant may immediately proceed with its pending non-judicial foreclosure proceedings relating to the subject property.
   B. That the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived. .

Dated: August 27, 2015

/s/Michael Wright
[Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

# Exhibit A

## to AP Mortgage Company's Motion for Relief from Stay

In re Tierra del Rey LLC
Case No. 15-04253-LT11

## EXHIBIT A

All that certain real property situated in the County of San Diego, State of California, described as follows:

Parcel 1:

That portion of Lot 1 in Lot 6 of the Subdivision of Lots 6 and 15 of Subdivision No. 3 of Lot 12, Rancho Ex-Mission, in the County of San Diego, State of California, according to the map thereof No. 1137, filed in the Office of the Recorder of San Diego County on June 9, 1908, described as follows:

Beginning at a point in the East line of said Lot 1 which is North 249.7 feet from the Southeast corner of said lot; thence West to a point in the West line of said Lot 1 which is North 248.9 feet from the Southwest corner of said lot; thence North along said West line 124 feet to the Southwest corner of land conveyed to A.P. Gigliotti et ux, by deed dated June 7, 1955 and recorded in Book 5734, Page 126 of Official Records; thence East along the South line of said Gigliotti's Land 132 feet to the Southeast corner thereof; thence North along the East line of said Gigliotti's Land 124 feet to the Northeast corner thereof being a point in the North line of land conveyed to Mary T. Caylor by deed dated March 29, 1943 and recorded in Book 1462, Page 275 of Official Records; thence East along said North line of Caylor's Land to a point in the East line of said Lot 1, which is 248 feet North of the point of beginning; thence South along said East line 248 feet to the point of beginning.

Said land, or a portion thereof, lies within the Helix Irrigation District.

Parcel 2:

That portion of Lot 1 in Lot 6 of the Subdivision of Lots 6 and 15 of Subdivision No 3, Lot 12 of Rancho Ex-Mission, in the County of San Diego, State of California, according to Map 1137 filed in the Office of the County Recorder of San Diego County, June 9, 1908, described as follows:

Beginning at the Northeast corner of said Lot 1; thence West along Lemon Avenue 294.7 feet to the Northwest corner of said Lot 1; thence South along King Avenue 124 feet more or less, to a point which is North 496.9 feet from the Southwest corner of said Lot 1; thence East to a point in the East line of said Lot 1 which is North 497.7 feet from the Southeast corner of said lot; thence North along said East line 124 feet more or less, to the point of beginning.

The Assessor's Parcel Number, as determined from the latest County Assessor's Roll is:
  474-552-10-00