# Exhibit E

## to Declaration of Paul Taccone

In re Tierra del Rey LLC
Case No. 15-04253-LT11

Recorded Request Of
FIDELITY NATIONAL TITLE

RECORDATION REQUESTED BY:
AmericanWest Bank
Main Office
701 B Street Suite 100
San Diego, CA 92101

WHEN RECORDED MAIL TO:
AmericanWest Bank
Main Office
701 B Street Suite 100
San Diego, CA 92101

SEND TAX NOTICES TO:
TIERRA DEL REY, L.L.C.
3944 MURPHY CANYON ROAD, SUITE C200
SAN DIEGO, CA 92123

DOC # 2012-0427716



JUL 24, 2012     8:00 AM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:        39.00
5260        PAGES:        9

FOR RECORDER'S USE ONLY

## ASSIGNMENT OF RENTS

THIS ASSIGNMENT OF RENTS dated July 18, 2012, is made and executed between TIERRA DEL REY, L.L.C., a California limited liability company, whose address is 3944 MURPHY CANYON ROAD, SUITE C200, SAN DIEGO, CA 92123 (referred to below as "Grantor") and AmericanWest Bank, whose address is 701 B Street Suite 100, San Diego, CA 92101 (referred to below as "Lender").

ASSIGNMENT. For valuable consideration, Grantor hereby assigns, grants a continuing security interest in, and conveys to Lender all of Grantor's right, title, and interest in and to the Rents from the following described Property located in SAN DIEGO County, State of California:

See EXHIBIT "A", which is attached to this Assignment and made a part of this Assignment as if fully set forth herein.

The Property or its address is commonly known as 3675 KING STREET, LA MESA, CA 91941. The Assessor's Parcel Number for the Property is 474-552-10-00.

This is an absolute assignment of Rents made in connection with an obligation secured by property pursuant to California Civil Code section 2938.

THIS ASSIGNMENT IS GIVEN TO SECURE (1) PAYMENT OF THE INDEBTEDNESS AND (2) PERFORMANCE OF ANY AND ALL OBLIGATIONS OF BORROWER AND GRANTOR UNDER THE NOTE, THIS ASSIGNMENT, AND THE RELATED DOCUMENTS. THIS ASSIGNMENT IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

GRANTOR'S WAIVERS. Except as prohibited by applicable law, Grantor waives any right to require Lender to (a) make any presentment, protest, demand, or notice of any kind, including notice of change of any terms of repayment of the Indebtedness, default by Borrower or any other guarantor or surety, any action or nonaction taken by Borrower, Lender, or any other guarantor or surety of Borrower, or the creation of new or additional Indebtedness; (b) proceed against any person, including Borrower, before proceeding against Grantor; (c) proceed against any collateral for the Indebtedness, including Borrower's collateral, before proceeding against Grantor; (d) apply any payments or proceeds received against the Indebtedness in any order; (e) give notice of the terms, time, and place of any sale of any collateral pursuant to the Uniform Commercial Code or any other law governing such sale; (f) disclose any information about the Indebtedness, Borrower, any collateral, or any other guarantor or surety, or about any action or nonaction of Lender; or (g) pursue any remedy or course of action in Lender's power whatsoever.

Grantor also waives any and all rights or defenses arising by reason of (h) any disability or other defense of Borrower, any other guarantor or surety or any other person; (i) the cessation from any cause whatsoever, other than payment in full, of the Indebtedness; (j) the application of proceeds of the Indebtedness by Borrower for purposes other than the purposes understood and intended by Grantor and Lender; (k) any act of omission or commission by Lender which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any collateral by operation of law or otherwise; (l) any statute of limitations in any action under this Assignment or on the Indebtedness; or (m) any modification or change in terms of the Indebtedness, whatsoever, including without limitation, the renewal, extension, acceleration, or other change in the time payment of the Indebtedness is due and any change in the interest rate.

Grantor waives all rights and defenses arising out of an election of remedies by Lender, even though that election of remedies, such as non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Grantor's rights of subrogation and reimbursement against Borrower by the operation of Section 580d of the California Code of Civil Procedure, or otherwise.

Grantor waives all rights and defenses that Grantor may have because Borrower's obligation is secured by real property. This means among other things: (1) Lender may collect from Grantor without first foreclosing on any real or personal property collateral pledged by Borrower. (2) If Lender forecloses on any real property collateral pledged by Borrower: (A) The amount of Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price. (B) Lender may collect from Grantor even if Lender, by foreclosing on the real property collateral, has destroyed any right Grantor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Grantor may have because Borrower's obligation is secured by real property. These rights and defenses include, but are not limited to, any rights and defenses based upon

620049L

5261

**ASSIGNMENT OF RENTS**
(Continued)

Loan No: 1793                                                                                                          Page 2

Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

Grantor understands and agrees that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which Grantor might otherwise be entitled under state and federal law. The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code. Grantor acknowledges that Grantor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Lender. Grantor further understands and agrees that this Assignment is a separate and independent contract between Grantor and Lender, given for full and ample consideration, and is enforceable on its own terms. Until all Indebtedness is paid in full, Grantor waives any right to enforce any remedy Grantor may have against Borrower's or any other guarantor, surety, or other person, and further, Grantor waives any right to participate in any collateral for the Indebtedness now or hereafter held by Lender.

**BORROWER'S WAIVERS AND RESPONSIBILITIES.** Lender need not tell Borrower about any action or inaction Lender takes in connection with this Assignment. Borrower assumes the responsibility for being and keeping informed about the Property. Borrower waives any defenses that may arise because of any action or inaction of Lender, including without limitation any failure of Lender to realize upon the Property, or any delay by Lender in realizing upon the Property. Borrower agrees to remain liable under the Note with Lender no matter what action Lender takes or fails to take under this Assignment.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Assignment or any Related Documents, Grantor shall pay to Lender all amounts secured by this Assignment as they become due, and shall strictly perform all of Grantor's obligations under this Assignment. Unless and until Lender exercises its right to collect the Rents as provided below and so long as there is no default under this Assignment, Grantor may remain in possession and control of and operate and manage the Property and collect the Rents, provided that the granting of the right to collect the Rents shall not constitute Lender's consent to the use of cash collateral in a bankruptcy proceeding.

**GRANTOR'S REPRESENTATIONS AND WARRANTIES.** Grantor warrants that:

**Ownership.** Grantor is entitled to receive the Rents free and clear of all rights, loans, liens, encumbrances, and claims except as disclosed to and accepted by Lender in writing.

**Right to Assign.** Grantor has the full right, power and authority to enter into this Assignment and to assign and convey the Rents to Lender.

**No Prior Assignment.** Grantor has not previously assigned or conveyed the Rents to any other person by any instrument now in force.

**No Further Transfer.** Grantor will not sell, assign, encumber, or otherwise dispose of any of Grantor's rights in the Rents except as provided in this Assignment.

**LENDER'S RIGHT TO RECEIVE AND COLLECT RENTS.** Lender shall have the right ~~at any time, and even though no default shall have occurred~~ *in the event of a* ~~default~~ under this Assignment, to collect and receive the Rents. For this purpose, Lender is hereby given and granted the following rights, powers and authority:

**Notice to Tenants.** Lender may send notices to any and all tenants of the Property advising them of this Assignment and directing all Rents to be paid directly to Lender or Lender's agent.

**Enter the Property.** Lender may enter upon and take possession of the Property; demand, collect and receive from the tenants or from any other persons liable therefor, all of the Rents; institute and carry on all legal proceedings necessary for the protection of the Property, including such proceedings as may be necessary to recover possession of the Property; collect the Rents and remove any tenant or tenants or other persons from the Property.

**Maintain the Property.** Lender may enter upon the Property to maintain the Property and keep the same in repair; to pay the costs thereof and of all services of all employees, including their equipment, and of all continuing costs and expenses of maintaining the Property in proper repair and condition, and also to pay all taxes, assessments and water utilities, and the premiums on fire and other insurance effected by Lender on the Property.

**Compliance with Laws.** Lender may do any and all things to execute and comply with the laws of the State of California and also all other laws, rules, orders, ordinances and requirements of all other governmental agencies affecting the Property.

**Lease the Property.** Lender may rent or lease the whole or any part of the Property for such term or terms and on such conditions as Lender may deem appropriate.

**Employ Agents.** Lender may engage such agent or agents as Lender may deem appropriate, either in Lender's name or in Grantor's name, to rent and manage the Property, including the collection and application of Rents.

**Other Acts.** Lender may do all such other things and acts with respect to the Property as Lender may deem appropriate and may act exclusively and solely in the place and stead of Grantor and to have all of the powers of Grantor for the purposes stated above.

**No Requirement to Act.** Lender shall not be required to do any of the foregoing acts or things, and the fact that Lender shall have performed one or more of the foregoing acts or things shall not require Lender to do any other specific act or thing.

**APPLICATION OF RENTS.** All costs and expenses incurred by Lender in connection with the Property shall be for Grantor's account and Lender may pay such costs and expenses from the Rents. Lender, in its sole discretion, shall determine the application of any and all Rents received by it; however, any such Rents received by Lender which are not applied to such costs and expenses shall be applied to the Indebtedness. All expenditures made by Lender under this Assignment and not reimbursed from the Rents shall become a part of the Indebtedness secured by this Assignment, and shall be payable on demand, with interest at the Note rate from date of expenditure until paid.

**FULL PERFORMANCE.** If Grantor pays all of the Indebtedness when due and otherwise performs all the obligations imposed upon Grantor under this Assignment, the Note, and the Related Documents, Lender shall execute and deliver to Grantor a suitable satisfaction of this Assignment and suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Property. Any termination fee required by law shall be paid by Grantor, if permitted by applicable law.

**LENDER'S EXPENDITURES.** If any action or proceeding is commenced that would materially affect Lender's interest in the Property or if

**ASSIGNMENT OF RENTS**
(Continued)

5262

Loan No: 1793

Page 3

═══════════════════════════════════════════════════════════════

Grantor fails to comply with any provision of this Assignment or any Related Documents, including but not limited to Grantor's failure to discharge or pay when due any amounts Grantor is required to discharge or pay under this Assignment or any Related Documents, Lender on Grantor's behalf may (but shall not be obligated to) take any action that Lender deems appropriate, including but not limited to discharging or paying all taxes, liens, security interests, encumbrances and other claims, at any time levied or placed on the Rents or the Property and paying all costs for insuring, maintaining and preserving the Property. All such expenditures incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Grantor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Assignment also will secure payment of these amounts. Such right shall be in addition to all other rights and remedies to which Lender may be entitled upon Default.

**DEFAULT.** Each of the following, at Lender's option, shall constitute an Event of Default under this Assignment:

**Payment Default.** Borrower fails to make any payment when due under the Indebtedness.

**Other Defaults.** Borrower or Grantor fails to comply with or to perform any other term, obligation, covenant or condition contained in this Assignment or in any of the Related Documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower or Grantor.

**Default on Other Payments.** Failure of Grantor within the time required by this Assignment to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Borrower or Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's or Grantor's property or ability to perform their respective obligations under this Assignment or any of the Related Documents.

**Environmental Default.** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with the Property.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or Grantor or on Borrower's or Grantor's behalf under this Assignment or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Defective Collateralization.** This Assignment or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Death or Insolvency.** The dissolution or termination of Borrower's or Grantor's existence as a going business, the insolvency of Borrower or Grantor, the appointment of a receiver for any part of Borrower's or Grantor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Grantor.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or Grantor or by any governmental agency against the Rents or any property securing the Indebtedness. This includes a garnishment of any of Borrower's or Grantor's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower or Grantor as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower or Grantor gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Property Damage or Loss.** The Property is lost, stolen, substantially damaged, sold, or borrowed against.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness.

**Adverse Change.** A material adverse change occurs in Grantor's financial condition, or Lender believes the prospect of payment or performance of the Indebtedness is impaired.

**Cure Provisions.** If any default, other than a default in payment is curable and if Grantor has not been given a notice of a breach of the same provision of this Assignment within the preceding twelve (12) months, it may be cured if Grantor, after Lender sends written notice to Borrower demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default and at any time thereafter, Lender may exercise any one or more of the following rights and remedies, in addition to any other rights or remedies provided by law:

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Borrower or Grantor to declare the entire Indebtedness immediately due and payable, including any prepayment fee that Borrower would be required to pay.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Grantor, to take possession of the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender shall have all the rights provided for in the Lender's Right to Receive and Collect Rents Section, above. If the Rents are collected by Lender, then Grantor irrevocably designates Lender as Grantor's attorney-in-fact to endorse instruments received in payment thereof in the name of Grantor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person,

5263

**ASSIGNMENT OF RENTS**
**(Continued)**

Loan No: 1793

Page 4

by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Other Remedies.** Lender shall have all other rights and remedies provided in this Assignment or the Note or by law.

**Election of Remedies.** Election by Lender to pursue any remedy shall not exclude pursuit of any other remedy, and an election to make expenditures or to take action to perform an obligation of Grantor under this Assignment, after Grantor's failure to perform, shall not affect Lender's right to declare a default and exercise its remedies.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Assignment, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. Grantor also will pay any court costs, in addition to all other sums provided by law.

MISCELLANEOUS PROVISIONS. The following miscellaneous provisions are a part of this Assignment:

**Amendments.** This Assignment, together with any Related Documents, constitutes the entire understanding and agreement of the parties as to the matters set forth in this Assignment. No alteration of or amendment to this Assignment shall be effective unless given in writing and signed by the party or parties sought to be charged or bound by the alteration or amendment.

**Caption Headings.** Caption headings in this Assignment are for convenience purposes only and are not to be used to interpret or define the provisions of this Assignment.

**Governing Law.** This Assignment will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions. This Assignment has been accepted by Lender in the State of California.

**Choice of Venue.** If there is a lawsuit, Grantor agrees upon Lender's request to submit to the jurisdiction of the courts of San Diego County, State of California.

**Joint and Several Liability.** All obligations of Borrower and Grantor under this Assignment shall be joint and several, and all references to Grantor shall mean each and every Grantor, and all references to Borrower shall mean each and every Borrower. This means that each Grantor signing below is responsible for all obligations in this Assignment. Where any one or more of the parties is a corporation, partnership, limited liability company or similar entity, it is not necessary for Lender to inquire into the powers of any of the officers, directors, partners, members, or other agents acting or purporting to act on the entity's behalf, and any obligations made or created in reliance upon the professed exercise of such powers shall be guaranteed under this Assignment.

**Merger.** There shall be no merger of the interest or estate created by this assignment with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

**Interpretation.** (1) In all cases where there is more than one Borrower or Grantor, then all words used in this Assignment in the singular shall be deemed to have been used in the plural where the context and construction so require. (2) If more than one person signs this Assignment as "Grantor," the obligations of each Grantor are joint and several. This means that if Lender brings a lawsuit, Lender may sue any one or more of the Grantors. If Borrower and Grantor are not the same person, Lender need not sue Borrower first, and that Borrower need not be joined in any lawsuit. (3) The names given to paragraphs or sections in this Assignment are for convenience purposes only. They are not to be used to interpret or define the provisions of this Assignment.

**No Waiver by Lender.** Lender shall not be deemed to have waived any rights under this Assignment unless such waiver is given in writing and signed by Lender. No delay or omission on the part of Lender in exercising any right shall operate as a waiver of such right or any other right. A waiver by Lender of a provision of this Assignment shall not prejudice or constitute a waiver of Lender's right otherwise to demand strict compliance with that provision or any other provision of this Assignment. No prior waiver by Lender, nor any course of dealing between Lender and Grantor, shall constitute a waiver of any of Lender's rights or of any of Grantor's obligations as to any future transactions. Whenever the consent of Lender is required under this Assignment, the granting of such consent by Lender in any instance shall not constitute continuing consent to subsequent instances where such consent is required and in all cases such consent may be granted or withheld in the sole discretion of Lender.

**Notices.** Any notice required to be given under this Assignment shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Assignment. Any party may change its address for notices under this Assignment by giving formal written notice to the other parties, specifying that the purpose of the notice is to change the party's address. For notice purposes, Grantor agrees to keep Lender informed at all times of Grantor's current address. Unless otherwise provided or required by law, if there is more than one Grantor, any notice given by Lender to any Grantor is deemed to be notice given to all Grantors.

5264

# ASSIGNMENT OF RENTS
## (Continued)

Loan No: 1793                                                                                               Page 5

**Powers of Attorney.** The various agencies and powers of attorney conveyed on Lender under this Assignment are granted for purposes of security and may not be revoked by Grantor until such time as the same are renounced by Lender.

**Severability.** If a court of competent jurisdiction finds any provision of this Assignment to be illegal, invalid, or unenforceable as to any circumstance, that finding shall not make the offending provision illegal, invalid, or unenforceable as to any other circumstance. If feasible, the offending provision shall be considered modified so that it becomes legal, valid and enforceable. If the offending provision cannot be so modified, it shall be considered deleted from this Assignment. Unless otherwise required by law, the illegality, invalidity, or unenforceability of any provision of this Assignment shall not affect the legality, validity or enforceability of any other provision of this Assignment. ·

**Successors and Assigns.** Subject to any limitations stated in this Assignment on transfer of Grantor's interest, this Assignment shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Grantor, Lender, without notice to Grantor, may deal with Grantor's successors with reference to this Assignment and the Indebtedness by way of forbearance or extension without releasing Grantor from the obligations of this Assignment or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Assignment.

**Waiver of Right of Redemption.** NOTWITHSTANDING ANY OF THE PROVISIONS TO THE CONTRARY CONTAINED IN THIS ASSIGNMENT, GRANTOR HEREBY WAIVES ANY AND ALL RIGHTS OF REDEMPTION FROM SALE UNDER ANY ORDER OR JUDGMENT OF FORECLOSURE ON GRANTOR'S BEHALF AND ON BEHALF OF EACH AND EVERY PERSON, EXCEPT JUDGMENT CREDITORS OF GRANTOR, ACQUIRING ANY INTEREST IN OR TITLE TO THE PROPERTY SUBSEQUENT TO THE DATE OF THIS ASSIGNMENT.

**DEFINITIONS.** The following capitalized words and terms shall have the following meanings when used in this Assignment. Unless specifically stated to the contrary, all references to dollar amounts shall mean amounts in lawful money of the United States of America. Words and terms used in the singular shall include the plural, and the plural shall include the singular, as the context may require. Words and terms not otherwise defined in this Assignment shall have the meanings attributed to such terms in the Uniform Commercial Code:

**Assignment.** The word "Assignment" means this ASSIGNMENT OF RENTS, as this ASSIGNMENT OF RENTS may be amended or modified from time to time, together with all exhibits and schedules attached to this ASSIGNMENT OF RENTS from time to time.

**Borrower.** The word "Borrower" means BAY VISTA METHODIST HEIGHTS, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORTION.

**Default.** The word "Default" means the Default set forth in this Assignment in the section titled "Default".

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Assignment in the default section of this Assignment.

**Grantor.** The word "Grantor" means TIERRA DEL REY, L.L.C..

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Grantor's obligations or expenses incurred by Lender to enforce Grantor's obligations under this Assignment, together with interest on such amounts as provided in this Assignment.

**Lender.** The word "Lender" means AmericanWest Bank, its successors and assigns.

**Note.** The word "Note" means the Note executed by BAY VISTA METHODIST HEIGHTS, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORTION dated March 25, 2009 in the principal amount of $1,200,000.00 together with all renewals of, extensions of, refinancings of, modifications of and substitutions for the Note.

**Property.** The word "Property" means all of Grantor's right, title and interest in and to all the Property as described in the "Assignment" section of this Assignment.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness; except that the words do not mean any guaranty or environmental agreement, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all of Grantor's present and future rights, title and interest in, to and under any and all present and future leases, including, without limitation, all rents, revenue, income, issues, royalties, bonuses, accounts receivable, cash or security deposits, advance rentals, profits and proceeds from the Property, and other payments and benefits derived or to be derived from such leases of every kind and nature, whether due now or later, including without limitation Grantor's right to enforce such leases and to receive and collect payment and proceeds thereunder.

5265

## ASSIGNMENT OF RENTS
### (Continued)

Loan No: 1793

Page 6

---

THE UNDERSIGNED ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS ASSIGNMENT, AND NOT PERSONALLY BUT AS AN AUTHORIZED SIGNER, HAS CAUSED THIS ASSIGNMENT TO BE SIGNED AND EXECUTED ON BEHALF OF GRANTOR ON JULY 18, 2012.

GRANTOR:

TIERRA DEL REY, L.L.C.

BAY VISTA METHODIST HEIGHTS, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORTION, Member of TIERRA DEL REY, L.L.C.

By: _____
CHERLY R. LEE, Chief Executive Officer of BAY VISTA METHODIST HEIGHTS, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORTION

By: _____
ARCHIE HUDSON JR., Chief Financial Officer of BAY VISTA METHODIST HEIGHTS, A CALIFORNIA NONPROFIT PUBLIC BENEFIT CORPORTION

---

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
 ) SS
COUNTY OF _San Diego_ )

Juanita S. Groves, Notary

On _Jul 20th_, 20 _12_ before me, ___Juanita S. Groves, Notary___
(here insert name and title of the officer)

personally appeared CHERLY R. LEE and ARCHIE HUDSON JR., who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Juanita S. Groves

JUANITA S. GROVES
Commission # 1831102
Notary Public - California
San Diego County
My Comm. Expires Feb 3, 2014

---

LASER PRO Lending, Ver. 12.2.0.003   Copr. Harland Financial Solutions, Inc. 1997, 2012.   All Rights Reserved.   - CA
V:\CFISBB\CFI\LPL\G14.FC  TR-2697 PR-2

5266

## EXHIBIT A

### DESCRIPTION OF THE LAND

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

THAT PORTION OF LOT 1 IN LOT 6 OF THE SUBDIVISION OF LOTS 6 AND 15 OF SUBDIVISION NO. 3 OF LOT 12, RANCHO EX-MISSION, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO THE MAP THEREOF NO. 1137, FILED IN THE OFFICE OF THE RECORDER OF SAID SAN DIEGO COUNTY ON JUNE 9, 1908, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE EAST LINE OF SAID LOT 1 WHICH IS NORTH 249.7 FEET FROM THE SOUTHEAST CORNER OF SAID LOT; THENCE WEST TO A POINT IN THE WEST LINE OF SAID LOT 1 WHICH IS NORTH 248.9 FEET FROM THE SOUTHWEST CORNER OF SAID LOT; THENCE NORTH ALONG SAID WEST LINE 124 FEET TO THE SOUTHWEST CORNER OF LAND CONVEYED TO A. P. GIGLIOTTI ET UX, BY DEED DATED JUNE 7, 1955 AND RECORDED IN BOOK 5734, PAGE 126 OF OFFICIAL RECORDS; THENCE EAST ALONG THE SOUTH LINE OF SAID GIGLIOTTI'S LAND 132 FEET TO THE SOUTHEAST CORNER THEREOF; THENCE NORTH ALONG THE EAST LINE OF SAID GIGLIOTTI'S LAND 124 FEET TO THE NORTHEAST CORNER THEREOF BEING A POINT IN THE NORTH LINE OF LAND CONVEYED TO MARY T. CAYLOR BY DEED DATED MARCH 29, 1943 AND RECORDED IN BOOK 1462, PAGE 275 OF OFFICIAL RECORDS; THENCE EAST ALONG SAID NORTH LINE OF CAYLOR'S LAND TO A POINT IN THE EAST LINE OF SAID LOT 1, WHICH IS 248 FEET NORTH OF THE POINT OF BEGINNING; THENCE SOUTH ALONG SAID EAST LINE 248 FEET TO THE POINT OF BEGINNING.

SAID LAND, OR A PORTION THEREOF, LIES WITHIN THE HELIX IRRIGATION DISTRICT.

*LEGAL DESCRIPTION CONTINUES ON THE FOLLOWING PAGE*

5267

PARCEL 2:

THAT PORTION OF LOT 1 IN LOT 6 OF THE SUBDIVISION OF LOTS 6 AND 15 OF SUBDIVISION NO, 3. LOT 12 OF RANCHO EX-MISSION IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP 1137 FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JUNE 9, 1908, DESCRIBED AS FOLLOWS:

BEGINNING AT THE NORTHEAST CORNER OF SAID LOT 1; THENCE WEST ALONG LEMON AVENUE 294.7 FEET TO THE NORTHWEST CORNER OF SAID LOT 1; THENCE SOUTH ALONG KING AVENUE 124 FEET MORE OR LESS, TO A POINT WHICH IS NORTH 496.9 FEET FROM THE SOUTHWEST CORNER OF SAID LOT 1; THENCE EAST TO A POINT IN THE EAST LINE OF SAID LOT 1 WHICH IS NORTH 497.7 FEET FROM THE SOUTHEAST CORNER OF SAID LOT; THENCE NORTH ALONG SAID EAST LINE 124 FEET MORE OR LESS, TO THE POINT OF BEGINNING.

Assessor's Parcel No: 474-552-10

PROPERTY ADDRESS: 3675 King Street, La Mesa, California 91941

5268

# NOTARY SEAL CERTIFICATION

(Government Code 27361.7)

I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:

Name of the Notary: Juanita S. Groves

Commission Number: 1831132    Date Commission Expires: Feb. 3, 2013

County Where Bond is Filed: San Diego

Manufacturer or Vendor Number: NNH

(Located on both sides of the notary seal border)

Signature:

Firm Name (if applicable)

Place of Execution: San Diego    Date: 8/24/2012

Rec. Form #R10 (Rev. 8/13/97)

# Exhibit F

## to Declaration of Paul Taccone

In re Tierra del Rey LLC
Case No. 15-04253-LT11



**Del Toro Loan Servicing, Inc**
P.O Box 211000
Chula Vista, CA 91921
(619) 474-5400

8/26/2015

Bay Vista Methodist Heights
and Tierra Del Rey, LLC
2607 First Avenue, Suite 1
San Diego, CA 92103

**Account: 9248**
**Property: 3675 King Street La Mesa, CA  91941**

To:  Joyce Pennington

### BENEFICIARY'S DEMAND FOR PAYOFF

You are authorized to use the following amounts to payoff the above-mentioned loan.  All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 8/24/2015 |
|---|---|
| Maturity Date | 7/25/2017 |
| Next Payment Due | 11/25/2014 |
| Interest Rate | 6.250% |
| Interest Paid-To Date | 4/1/2015 |
| Principal Balance | $1,266,321.00 |
| Unpaid Interest (prior as of 03/31/2015) | $52,821.20 |
| Accrued Interest From 4/1/2015 To 8/24/2015 | $47,015.63 |
| Unpaid Late Charges (prior as of 03/31/2015) | $3,244.22 |
| Accrued Late Charges | $1,853.84 |
| Unpaid Charges   *For additional details see itemization | $66,205.50 |
| Prepayment Penalty | $0.00 |
| Other Fees *For additional details see itemization | $175.00 |
| Lisbon property (REO credit) | ($5,000.00) |
| **Payoff Amount** | **$1,432,636.39** |

**Please add $215.97 for each additional day past 08/24/2015.**

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff.  **Please note that this demand expires on 08/24/2015**, at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

Approved by:  _____    _____

### ITEMIZATION OF UNPAID CHARGES

| Date | Description | Interest Rate | Unpaid Balance | Accrued Interest | Total Due |
|------|-------------|---------------|----------------|------------------|-----------|
| 04/01/2015 | Legal fee | 0.000% | $14.41 | $0.00 | $14.41 |
| 04/03/2015 | Legal fees-invoice #12972 | 0.000% | $403.75 | $0.00 | $403.75 |
| 04/14/2015 | Tax advance-prior lender | 0.000% | $430.72 | $0.00 | $430.72 |
| 04/14/2015 | Deferred interest | 0.000% | $719.58 | $0.00 | $719.58 |
| 04/14/2015 | Phase 1 foreclosure fees and costs | 0.000% | $7,320.90 | $0.00 | $7,320.90 |
| 04/14/2015 | Tax advance | 11.250% | $15,709.82 | $644.00 | $16,353.82 |
| 05/01/2015 | Legal fees | 0.000% | $1,053.31 | $0.00 | $1,053.31 |
| 05/07/2015 | Legal fees | 0.000% | $577.25 | $0.00 | $577.25 |
| 05/07/2015 | Legal fees-invoice #4542.1038 | 0.000% | $4,940.70 | $0.00 | $4,940.70 |
| 06/30/2015 | Postponement fees as of 06/30/2015 | 0.000% | $150.00 | $0.00 | $150.00 |
| 06/30/2015 | Legal Invoice-file no. 4542-1038 as of 06/30/2015 | 0.000% | $4,670.25 | $0.00 | $4,670.25 |
| 07/13/2015 | Receiver fees | 0.000% | $4,500.00 | $0.00 | $4,500.00 |
| 07/13/2015 | Phase 2 foreclosure fees and costs | 0.000% | $16,620.31 | $0.00 | $16,620.31 |
| 07/31/2015 | Legal fees as of July 31, 2015-Tierra Del Rey LLC | 0.000% | $5,620.50 | $0.00 | $5,620.50 |
| 08/18/2015 | Appraisal fee | 0.000% | $2,800.00 | $0.00 | $2,800.00 |
| 08/26/2015 | Demand as of 08/26/2015 | 0.000% | $30.00 | $0.00 | $30.00 |
| | | | | Total | $66,205.50 |

### ITEMIZATION OF OTHER FEES

| Description | Amount |
|-------------|--------|
| Wire Fee | $30.00 |
| Reconveyance Fee | $45.00 |
| Forwarding / Processing Fee | $100.00 |
| Total | $175.00 |

# Exhibit G

## to Declaration of Paul Taccone

In re Tierra del Rey LLC
Case No. 15-04253-LT11

RECORDING REQUESTED BY:

**LAWYERS TITLE COMPANY·**
WHEN RECORDED MAIL TO:
**R.E.F.S. Inc.**
**9070 Irvine Center Dr. #120**
**Irvine, California 92618**

DOC# 2015-0059908

Feb 11, 2015  08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:  $24.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: **2015-CA006867**    Loan No.: **XXX48** Order No.: **5922947** APN: 474-552-10-00

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$57,156.54** as of **2/10/2015,** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**NATIONAL LOAN ACQUISITIONS COMPANY**
**C/O R.E.F.S. Inc.**
**9070 Irvine Center Dr. #120**
**Irvine, California 92618**
**Phone: (949) 474-7337**

TS No.: **2015-CA006867**        Loan No.: **XXX48** Order No.: **5922947**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **R.E.F.S. INC., A CALIFORNIA CORPORATION** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **7/18/2012**, executed by **TIERRA DEL REY, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY**, as Trustor, to secure certain obligations in favor of **AMERICAN WEST BANK**, as beneficiary, recorded **7/24/2012**, as Instrument No. **2012-0427715**, in Book n/a, Page n/a, **The subject Deed of Trust was modified by Loan Modification recorded as Instrument 2014-0414546 and recorded on 09/25/2014**. of Official Records in the Office of the Recorder of **San Diego** County, California describing land therein as: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

Including one **NOTE(S) FOR THE ORIGINAL** sum of $1,200,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
   Failure to make the installment of principal and/or interest and all subsequent payments, which became due on **11/25/2014** together with late charges, impounds, advances, plus any default interest, any defaults on senior liens, any prepayment penalty, insurance premiums, delinquent property taxes, taxes and/or insurance, trustees fees and costs, and any attorney fees and court costs arising from or associated with beneficiaries effort to protect and preserve its security must be cured as a condition of reinstatement. Change in terms by a loan modification agreement dated August 25, 2014. The Deed of Trust described above is one of 2 Deeds of Trust secured by 1 Note. The other Deed of Trust recorded on 03/27/2009 as Instrument 2009-0156193 in the County of San Diego. Foreclosures are being processed concurrently.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Please see attached Declaration of Mortgage Servicer Pursuant to Civil Code § 2923.5 (b) or Civil Code § 2923.55(c) whichever applies.

Dated: 2/10/2015

R.E.F.S. INC. A CALIFORNIA CORPORATION MAY          **R.E.F.S. INC., A CALIFORNIA CORPORATION**
BE ACTING AS A DEBT COLLECTOR ATTEMPTING
TO COLLECT A DEBT.  ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.          BY:

Gabrielle Leach
Senior Trustee Officer

# Declaration of Mortgage Servicer Pursuant to
# Civil Code § 2923.55(c)

Property Address:    3675 KING STREET, LA MESA, CA 91941
T.S. No.:    2015–CA006867

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☐ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code § 2923.55(f) "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

4. ☒ The requirements of Cal. Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or first deed of trust that secures a loan, or that encumbers real property, described in Civil Code § 2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

NATIONAL LOAN ACQUISITIONS COMPANY, Mortgage Servicer

Dated:    2/6/15

By:    PAUL W. PEERBOOM, SENIOR VICE PRESIDENT

Form 114 Rev 12-20-12

Page 1

# Exhibit H

## to Declaration of Paul Taccone

In re Tierra del Rey LLC
Case No. 15-04253-LT11

LAWYERS TITLE COMPANY.

RECORDING REQUESTED BY
R.E.F.S. Inc.

AND WHEN RECORDED MAIL TO:
R.E.F.S. Inc.
9070 Irvine Center Dr. #120
Irvine, California 92618
Phone: 949-474-7337 Fax: 949-752-7337
Sale Line: (877) 484-9942

DOC# 2015-0236476

May 12, 2015  08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $21.00

---

T.S. No.: 2015-CA006867     Loan No.: XXX48 Order No.: 5922947

SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: 474-552-10-00

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 7/18/2012.  UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.  IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, a  check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.  Sale will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below.  The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or · encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below.  The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor: **TIERRA DEL REY, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY**, and  **AMERICAN WEST BANK**, as Beneficiary
Duly Appointed Trustee: **R.E.F.S. INC., A CALIFORNIA CORPORATION**
Recorded **7/24/2012** as Instrument No. 2012-0427715 in book n/a, page n/a  The subject Deed of Trust was modified by Loan Modification recorded as Instrument 2014-0414546 and recorded on 09/25/2014. of Official Records in the office of the Recorder of San Diego County, California,
Date of Sale: 6/4/2015 at 10:30 AM
Place of Sale:     At the entrance to the East County Regional Center by the statue, 250 E. Main Street, El Cajon, CA 92020

Amount of unpaid balance and other charges: $1,377,833.61
Street Address or other common designation of real property:     **3675 KING STREET**
**LA MESA, CA 91941**
A.P.N.: **474-552-10-00** Legal Description: **AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.  If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale. The property herein is being sold "AS IS".

The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a Written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located and more than three month have elapsed since such recordation.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(877) 484-9942** or visit this Internet Web site **www.usa-foreclosure.com**, using the file number assigned to this case **2015-CA006867**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

If the trustee is unable to convey title for any reason, the successful bidder(s) sole and exclusive remedy shall be the return of monies paid to the trustee and successful bidder(s) will have no further recourse.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

Date: 5/7/2015

R.E.F.S. INC. A CALIFORNIA CORPORATION

CGabrielle Leach, Senior Trustee Officer

R.E.F.S. INC. A CALIFORNIA CORPORATION MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*R.E.F.S INC
9070 IRVINE CENTER DR. #120
IRVINE, CA 92618
PH: 949-474-7337*

# Exhibit I

## to Declaration of Paul Taccone

In re Tierra del Rey LLC
Case No. 15-04253-LT11



HUNT MORTGAGE GROUP

10485O Quorum Drive
Suite 15O
Dallas, TX 75254
PHONE (972) 868-5700
FAX (972)868-5705

## PAYOFF STATEMENT

Tierra Del Rey, LLC
c/o Bay Vista Methodist Heights, Inc.
2607 First Avenue, Suite 1
San Diego, CA 92103
Attn: Cheryl Lee, CEO
Phone: 619-255-7920
Email: cheryl@bvmh.org

| | |
|---|---|
| Date: | 8/20/2015 |
| Loan Number: | 10094505 |
| Property Name: | Tierra Del Rey |
| | 3675 King Street |
| | La Mesa, CA 91941 |
| Borrower: | Attn: Cheryl Lee, CEO |

**All figures are given upon the condition that they will not be considered as an estoppel against Hunt Mortgage Group**

**Payoff date:    September 1, 2015**

| | | |
|---|---|---|
| Scheduled Principal Balance | $ | 4,218,192.57 |
| Interest for March, April, May, June, July and August 2015 | | 102,408.35 |
| Yield Maintenance Due | | 634,502.18 |
| Late Charge for March and April 2015 | | 2,368.28 |
| Default Interest:  From 5/1/2015 to 9/1/2015 | | 57,648.64 |
| PLM Management - Trustee Fees | | 8,906.66 |
| Brokers Opinion of Value | | 500.00 |
| Property Needs Assessment | | 2,750.00 |
| Phase I Environmental Assessment | | 2,700.00 |
| Appraisal (estimate) | | 5,000.00 |
| Fannie Mae Legal Fees | | 30,466.12 |
| Payments Received | | (56,731.26) |

Wire transfer of the Total Amount Due must be received by 3 PM Eastern Standard Time on the date for which the payoff statement is computed.  Funds must be wired in accordance with the below wiring instructions:

Total Amount Due: **$    5,008,711.54**

Bank Name:            KeyBank, National Association
ABA Number:          041-001-039
Account Name:        Hunt Mortgage Group Payment Clearing
Account Number:     359954010922

**Reference:    Loan #**

Prepared by:  Kirsten Bolinger
Phone: (972) 868-5758

**10094505**

Approved by:

Kirsten Bolinger, Director