TENTATIVE RULING

ISSUED BY JUDGE LAURA S. TAYLOR

Debtor: TIERRA DEL REY, LLC

Number: 15-04253-LT11

Hearing: 02:00 PM   Tuesday, September 22, 2015

Motion: MOTION FOR RELIEF FROM STAY, RS # MW-1 FILED ON BEHALF OF AP MORTGAGE COMPANY

Hear.

The Court is not inclined to grant this motion at this time; a trial is required as serious evidentiary disputes exist, among other things, as to value.

Movant seeks relief from the automatic stay on the ground that its claim is not adequately protected.   Section 362(d)(1) allows for the granting of relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]"   However, in this case, using Movant's own evidence of value (which Debtor disputes), Movant is adequately protected at this time -- at least sufficiently such that the Court can conduct an evidentiary hearing.

The Court agrees that the appraisal of Charles Down is inadmissible as presented by the Debtor – it is unverified and merely attached as an exhibit to the declaration of Cheryl Lee.   However, Debtor has provided the opinion of Cheryl Lee, the representative of the owner of the owner of the Property, that the value is $10.5 million.  This amount is roughly consistent with Debtor's schedule A value.   As explained in the Bankruptcy Evidence Manual (West, 2009-2010 Edition), Vol. II, pp. 717-718:

> Courts have generally held that an owner is competent to give his opinion on the value of his property, often by stating the conclusion without stating a reason.   . . .                           . . .
>
> If testifying under 701, the owner may merely give his opinion based on his personal familiarity of the property . . ..   For example, the average debtor–homeowner who testifies . . . should be limited to giving his opinion as to the value of his home, but should not be allowed to testify concerning what others have told him concerning the value of his or comparable properties unless, the debtor truly qualifies as an expert under Rule 702 such as being a real estate broker, etc.

The issue of whether this legal theory applies to corporate owners of real property has

not been briefed.   Without the benefit of such input from the parties, the Court is inclined to rule that the same rationale which would allow an individual owner to testify as to value, based upon familiarity with the Property, would apply to the representative of a corporate owner with similar familiarity.   If, however, Debtor ultimately decides to rely solely on the opinion of Ms. Lee, as opposed to obtaining the declaration of an expert, Movant is free to challenge this legal position.

And more importantly, the Debtor has provided admissible evidence that challenges many of the assumptions on which Movant's appraiser relied.   Put bluntly, Debtor may not even need an appraisal to justify a much higher conclusion of value.   If Movant's appraiser understated rent and erroneously over-estimated expenses, his own analysis could support a higher value.   (and that is using his own cap rate).   And there is more than Ms. Lee's evidence to suggest that over-statement of expenses may exist.   Movant supplies evidence of the amount of a tax advance of $15,709 in Exhibit F to the declaration of Paul Tacone.   This amount is more consistent with Debtor's evidence of the amount of taxes than it is with the much higher tax amount used by the appraiser.   (This amount would suggest annual taxes of $31K+).

Also supportive of a conclusion that adequate protection exists is the fact that Debtor is making payments to the first trust deed holder.   This substantially reduces the monthly decrease in the equity cushion.

Again, put bluntly, the evidence before the Court using Movant's numbers establishes that the equity cushion will insure that Movant remains fully secured for many months if not years.   Here, there is no evidence that Debtor is not maintaining the property.   Nor is there evidence that the property is declining in value.

The parties should be prepared to discuss scheduling.